IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BRYCE FRANKLIN

          Plaintiff,

v.                                                2:23-cv-00200-MIS-JMR

WEXFORD HEALTH SOURCES, INC.;
JOHN DOE, LCCF Dentist; JOHN DOE,
SNMCF Dentist; JOHN DOE, Medical
Provider,

          Defendants.

## ORDER DENYING MOTION TO COMPEL

THIS MATTER comes before the Court on plaintiff Bryce Franklin's Motion to Compel

Discovery. Doc. 25. Therein, Mr. Franklin complains that defendant Wexford Health Sources,

Inc. refused to answer his request for a discovery response, and he moves this Court to compel

Wexford to answer. Defendant Wexford filed a response. Doc. 26. Having reviewed the briefing

and the relevant law, the Court hereby DENIES plaintiff's motion.

Wexford argues that it is not required to answer discovery because the parties have not

participated in a Rule 26(f) conference. *Id.* Plaintiff argues that, because he is a *pro se* prisoner,

he is exempt from Rule 26(f)'s meet and confer requirement. *See* Doc. 25 (citing FED. R. CIV. P.

26(a)(1)(B)(iv) and D.N.M.LR-Civ. 16.3(d)).

In reaching the decision here, some explanation of the rules is necessary. Discovery may

not begin, even in a *pro se* prisoner, until the parties have met and conferred regarding the scope

of discovery. D.N.M.LR-Civ. 26.4(a) ("A party may not seek discovery under these rules or the

Federal Rules of Civil Procedure before the parties have conferred as required by FED. R. CIV. P.

26(f) except by agreement of all parties or by Court order."). Unlike the Federal Rules of Civil

Procedure, Local Rule 26.4(a) does not have a carve out for *pro se* prisoner cases.

However, Federal Rule of Civil Procedure 26(f)(1) eliminates the requirement that the parties meet and confer in *pro se* prisoner cases. Rule 26(f)(1) provides: "Except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B) or when the court orders otherwise, the parties must confer as soon as practicable. . . ." FED. R. CIV. P. 26(f)(1). Both parties agree that this case is exempted from initial disclosure under Rule 26(a)(1)(B)(iv). Doc. 25 at 2; Doc. 26 at 2. Therefore, the parties are not required to meet and confer unless the Court orders the parties to do so.

Therefore, reading Local Rule 26.4(a) and Federal Rule of Civil Procedure 26(f)(1) together, discovery in a *pro se* prisoner case cannot begin until the Court orders the parties to meet and confer. Typically, this Court waits to open discovery in a *pro se* prisoner case until after the case survives statutory screening, defendants file a *Martinez* Report, and the Court rules on any preliminary motions to dismiss or for summary judgment. If a *pro se* prisoner case survives each of these events, I am typically inclined to open discovery. Thus far, while Mr. Franklin's case has survived statutory screening, the Court is still waiting on the *Martinez* Report. Therefore, Mr. Franklin may not yet request discovery.

Notably, Wexford states that Judge Strickland's *Martinez* Report order (Doc. 21) "stayed all litigation in the matter until the *Martinez* Report ha[s] been fully briefed." Doc. 26 at 1. That is incorrect. The case is not stayed. In a prior motion, Wexford requested that the Court "stay this matter until the Court completes its screening review." Doc. 14 at 1. In one order, Judge Strickland granted Wexford's motion and completed the Court's statutory screening. Doc. 21. The Court did not stay the case until the *Martinez* report and associated motion for summary judgment were fully briefed.

3

To summarize, Mr. Franklin's Motion to Compel Discovery (Doc. 25) is hereby denied.

When and if appropriate, the Court will issue an order clearly authorizing the parties to engage in

discovery.

_____
JENNIFER M. ROZZONI
United States Magistrate Judge