UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

BRYCE L. FRANKLIN,

      Plaintiff,

v.                                                                                             2:23-cv-00200-MIS-JMR

WEXFORD HEALTH SOURCES, INC.,
NEW MEXICO CORRECTIONS DEPARTMENT,
ALISHA LUCERO, and JOHN DOES,

      Defendants.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER comes before the Court on *pro se* Plaintiff Bryce L. Franklin's Motion to Enforce Settlement Agreement. Doc. 61. Defendant Wexford Health Sources, Inc. filed a response. Doc. 62. Plaintiff filed a reply. Doc. 64. The Honorable District Judge Margaret I. Strickland referred the case to me pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (b)(3) to conduct hearings, if warranted, and to perform any legal analysis required to recommend to the Court an ultimate disposition of this case. Doc. 14. Having reviewed the parties' submissions and the relevant law, I recommend that the Court GRANT IN PART and DENY IN PART Plaintiff's motion. Specifically, I recommend that the Court find that it has jurisdiction to decide Plaintiff's motion but deny the merits of the motion without prejudice to be re-filed after a settlement conference is held.

**I.    Background**

In relevant part, Mr. Franklin complains that Wexford Health Sources, Inc., the New Mexico Corrections Department, and Secretary Alisha Lucero violated his Eighth Amendment rights by failing to provide him constitutionally adequate dental care. *See* Doc. 43 at 12. Mr. Franklin, age thirty-five, has no teeth. *Id.* at 4–9. He has been provided dentures. *Id.* But for

several years, they have not fit properly leading to pain, sores, malnutrition, and significant weight loss. *Id.* Because the prison is unable to rectify the problems with Mr. Franklin's dentures, Mr. Franklin requests dental implants. *Id.* at 13.

On February 10, 2025, Wexford filed a notice that it had settled with Mr. Franklin. Doc. 42. Then, on March 28, 2025, Wexford filed a stipulation of dismissal signed by Wexford's attorney, "approved via mail" by Mr. Franklin, and not signed by NMCD or Secretary Lucero. Doc. 54. Wexford did not include any language regarding the Court retaining jurisdiction to enforce the settlement agreement. *See id.* On April 15, 2025, the Court entered a proposed order dismissing Wexford with prejudice. Doc. 55.

Wexford now claims that it was dismissed from the case pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii).[1] Doc. 62 at 2; *see also* Doc. 54 (Stipulation of Dismissal, filed March 28, 2025). But Wexford is mistaken. Rule 41(a)(1)(A)(ii) allows a Plaintiff to dismiss an action by filing a "stipulation of dismissal signed by all parties who have appeared." Wexford's stipulation of dismissal was not "signed by all parties" who had appeared in the action. *See* Doc. 54. Accordingly, Wexford was not dismissed from the case until the Court's April 15, 2025, order. *See* Doc. 55; *see also* FED. R. CIV. P. 41(a)(2) (Voluntary dismissal by court order).

---

[1] It is unclear whether claims against a single defendant can be dismissed under Rule 41(a)(1) or whether the rule only allows for dismissal of an entire action. *See Perry v. Schumacher Grp. of Louisiana*, 891 F.3d 954, 958 (11th Cir. 2018) (finding that Rule 41(a)(1) may only be used to dismiss an entire action, not individual claims).

If the claims against Wexford were dismissed under Rule 41(a)(1)(A)(ii), my jurisdictional analysis may have differed. *See, e.g.*, *De Leon v. Marcos*, 659 F.3d 1276, 1283 (10th Cir. 2011) ("A stipulation of dismissal filed under Rule 41(a)(1)(A)(i) or (ii) is self-executing and immediately strips the district court of jurisdiction over the merits.").

Wexford incorrectly states, "[a]t the time of the dismissal, only Wexford Health Sources, Inc. had been entered into the cause of action as a defendant party against Plaintiff Bryce Franklin." Doc. 62 at 2. However, NMCD was added to Mr. Franklin's complaint on February 5, 2025, and NMCD filed its answer on March 17, 2025. *See* Docs. 41 (Order granting motion to amend complaint), 43 (Complaint), 49 (NMCD's answer). Therefore, NMCD was already a defendant, and was even represented by counsel, when Wexford was dismissed from this action.

On August 7, 2025, Plaintiff filed this Motion to Enforce Settlement Agreement. Doc. 61. Mr. Franklin explains that in settlement negotiations, "Wexford represented Franklin's request for dental implants could not be approved by Wexford because of the terms set by NMCD in its Agreement with Wexford[.] See, Martinez Report Exhibit M ("the contractor shall ensure that dental conditions deemed non-essential by NMCD are not included in the dental services program including . . . vestibular extensions/implants)." *Id.* at 2; *see also* Doc. 57-13 at 4 (*Martinez* Report, Exhibit M). As a result of this understanding, Mr. Franklin settled with Wexford after "Wexford Counsel stipulated they would assist with the referral process [to an outside oral surgeon] if NMCD approved dental implant referral." *Id.*

Based on this agreement, Mr. Franklin requested several dental appointments with the prison's dentists, who are Wexford employees. *Id.* at 3. However, per Mr. Franklin, the Wexford dentists refused to issue the referrals. *See, e.g.*, *id.* at 4 (quoting Wexford, "implants are not done here, you would need to get them on the outside"); *id.* at 5 ("The dentist stated it would be pointless [to submit a referral] because it would not get approved."). Mr. Franklin argues that Wexford dentist's refusal to refer him to an outside oral surgeon—particularly when the dentist believes that dental implants are an appropriate treatment for him—violates the terms of the settlement agreement. *See* Doc. 61 at 14 ("Wexford Health Sources, Inc., through itself or one of

3

its authorized agents, states that it will not impede any transport of Mr. Franklin by the New Mexico Corrections Department to be seen by an oral surgeon.").

Wexford does not defend itself against Mr. Franklin's accusations. *See* Doc. 62. Instead, it solely argues that the Court lacks jurisdiction to enforce the settlement agreement. *Id.* Because Wexford has not provided any factual argument, the Court accepts Mr. Franklin's reasonable recounting of the facts as true for the purposes of Mr. Franklin's motion.

## II.  Jurisdiction

Wexford argues that this Court lacks jurisdiction to enforce the settlement agreement because it was dismissed from the case. Doc. 62. Mr. Franklin disagrees.[2]

The question before this Court is whether it retains jurisdiction to enforce a settlement agreement when the allegedly breaching defendant has been dismissed but the lawsuit is still pending. I recommend that the Court find that, at least in this case, it does.

On one hand, case law makes clear that "once the parties to a lawsuit have settled and the district court has dismissed the case, the district court does not have ancillary jurisdiction to enforce the parties' settlement agreement."[3] *Morris v. City of Hobart*, 39 F.3d 1105, 1110 (10th Cir. 1994) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994)). On the other hand, "[a] trial court has the power to summarily enforce a settlement agreement entered into by the litigants *while the litigation is pending before it*." *United States v. Hardage*, 982 F.2d

---

[2] Mr. Franklin incorrectly argues that New Mexico law regarding jurisdiction applies. *See* Doc. 64 at 1–2. While he is correct that New Mexico contract law applies to the merits of his breach of contract claim, federal law applies to the jurisdictional question.

[3] A court may explicitly "retain jurisdiction over a settlement agreement if the order of dismissal shows an intent to retain jurisdiction or incorporates the settlement agreement." *Morris*, 39 F.3d at 1110. But that did not occur in this case.

1491, 1496 (10th Cir. 1993) (emphasis added). Neither the Supreme Court nor the Tenth Circuit has spoken on whether a court retains jurisdiction to enforce a settlement agreement once an individual party has "settled and the district court has dismissed the case" against that defendant, but the "litigation is [still] pending before" the court as to another defendant. *See Morris*, 39 F.3d at 1110; *Hardage*, 982 F.2d at 1496.

Generally, "enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 382 (1994). Enforcement of a settlement agreement "is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." *Id.* at 378. *But see id.* (noting that "reopening of the dismissed suit by reason of breach of the agreement that was the basis for dismissal," without a request for enforcement, may be appropriate under Federal Rule of Civil Procedure 60(b)(6)). In essence, a motion to enforce a settlement agreement is no different than a state law action to enforce a breached contract.

In cases where the Court has original jurisdiction, the Court also has ancillary—or supplemental—jurisdiction, "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). The supplemental jurisdiction statute clarifies that "[s]uch supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties." *Id.* In addition to statutory supplemental jurisdiction, courts also have common law ancillary jurisdiction.[4] *Peacock v. Thomas*, 516 U.S. 349, 355, n.5

---

[4] While common law ancillary jurisdiction and statutory supplemental jurisdiction are inherently distinct, case law rarely distinguishes between the two. Because they are such related concepts and the case law on each is intertwined, I refer to both interchangeably unless the distinction is relevant.

(1996). Common law "[a]ncillary jurisdiction rests on the premise that a federal court acquires jurisdiction of a case or controversy in its entirety." *Atlas Biologicals, Inc. v. Kutrubes*, 50 F.4th 1307, 1319 (10th Cir. 2022) (citation omitted).

The Supreme Court has implied that, in quite limited circumstances, a district court may have ancillary jurisdiction to enforce a settlement agreement. *Kokkonen*, 511 U.S. at 379–80.

> Generally speaking, we [the Supreme Court] have asserted ancillary jurisdiction (in the very broad sense in which that term is sometimes used) for two separate, though sometimes related, purposes: (1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent, *see, e.g., Baker v. Gold Seal Liquors, Inc.*, 417 U.S. 467, 469, n. 1, 94 S.Ct. 2504, 2506, n. 1, 41 L.Ed.2d 243 (1974); *Moore v. New York Cotton Exchange*, 270 U.S. 593, 610, 46 S.Ct. 367, 371, 70 L.Ed. 750 (1926); and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees. . . .

*Id.* (citations omitted). For the former purpose, the Supreme Court cited *Baker* and *Moore* as examples. In both cases, the Court held that the district courts have ancillary jurisdiction over compulsory counterclaims "even though ordinarily [the claim] would be a matter for a state court." *Baker*, 417 U.S. at 469 n.1 (citation omitted) (discussing FED. R. CIV. P. 13(a); *see also Moore*, 270 U.S. at 609–10 (discussing Equity Rule 30, the predecessor to Rule 13(a)).

"[S]ometimes the federal courts are permitted to entertain a *claim* or an *incidental proceeding* that does *not* satisfy requirements of an independent basis of subject matter jurisdiction." *Atlas Biologicals, Inc*, 50 F.4th at 1318 (citation omitted). "Ancillary jurisdiction may extend to claims having a factual and logical dependence on 'the primary lawsuit,' . . . but that primary lawsuit must contain an independent basis for federal jurisdiction." *Peacock v. Thomas*, 516 U.S. 349, 355 (1996) (citation omitted). "In a subsequent lawsuit involving claims with no independent basis for jurisdiction, a federal court lacks the threshold jurisdictional power that exists when ancillary claims are asserted in the same proceeding as the claims conferring

6

federal jurisdiction." *Id.* (citations omitted). "The basis of the doctrine of ancillary jurisdiction is the practical need 'to protect legal rights or effectively to resolve an entire, logically entwined lawsuit.'" *Id.* (citing *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 377 (1978)).

The analysis in *Owen Equipment* provides helpful guidance on how to assess whether the Court has ancillary jurisdiction over a related claim with no independent basis for federal jurisdiction. *See Owen Equipment*, 437 U.S. at 370–77. In *Owen Equipment*, the Supreme Court held that it did not have ancillary jurisdiction over the plaintiff's state-law claim against a third-party defendant. *Id.*; *see also* FED. R. CIV. P. 14(a)(3) (authorizing a plaintiff to assert claims against a third-party defendant). The Court reasoned that (1) plaintiff's claim lacked "logical dependence" with the original federal claims, (2) plaintiff "voluntarily chose" the federal forum, and (3) finding that ancillary jurisdiction existed for the claim between the non-diverse plaintiff and third-party defendant would undermine Congress's intent behind the diversity jurisdiction statute. *Owen Equipment*, 437 U.S. at 370–77. The Supreme Court explained that "in determining whether jurisdiction over a nonfederal claim exists, the context in which the nonfederal claim is asserted is crucial." *Id.* at 375–76.

Here, I recommend that the Court find that it retains ancillary jurisdiction over Mr. Franklin's Motion to Enforce Settlement Agreement.

As a threshold matter, this Court has an independent basis for federal jurisdiction. *See Morris*, 39 F.3d at 1110–11 (assessing whether the Court had an independent basis for jurisdiction when deciding whether to enforce a settlement agreement). The Court has federal-question jurisdiction over Plaintiff's constitutional claims against NMCD, Secretary Lucero, and Wexford. *See* 28 U.S.C. § 1331. As such, the Court has statutory supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that

7

they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Further, the Court has common law ancillary jurisdiction over claims that have a "factual and logical dependence on the 'primary lawsuit.'" *Peacock*, 516 U.S. at 355.

I find that the Court has ancillary jurisdiction over Mr. Franklin's Motion to Enforce Settlement Agreement for four reasons.

First, this litigation is objectively still pending. The Court has jurisdiction "to summarily enforce a settlement agreement entered into by the litigants *while the litigation is pending before it*." *Hardage*, 982 F.2d at 1496 (emphasis added); *see also Farmer v. Banco Popular of N. Am.*, 791 F.3d 1246, 1254 (10th Cir. 2015) (affirming the same); *Shoels v. Klebold*, 375 F.3d 1054, 1060 (10th Cir. 2004) (same); *Brave L. Firm, LLC v. Truck Accident Laws. Grp., Inc.*, 843 F. App'x 134, 137 (10th Cir. 2021) (same); *GET, LLC v. City of Blackwell*, 407 F. App'x 307, 308 (10th Cir. 2011) (same); *Zhu v. Countrywide Realty Co.*, 66 F. App'x 840, 842 (10th Cir. 2003) (same); *Rogler v. Standard Ins. Co.*, 30 F. App'x 909, 913 (10th Cir. 2002) (same); *Gates Corp. v. Bando Chem. Indus., Ltd.*, 4 F. App'x 676, 682 (10th Cir. 2001) (same); *Trujillo v. State of New Mexico*, 172 F.3d 63, 1999 WL 63885, at *2 (10th Cir. 1999) (table decision) (same). By the plain language of the Tenth Circuit case law, this Court has jurisdiction.[5] While the Court dismissed the claims against Wexford, it did not dismiss the entire action, nor did it enter a final judgment as to Wexford. *See* FED. R. CIV. P. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all

---

[5] Case law does not address this particular factual circumstance—where one defendant was dismissed, and the case remains pending as to other defendants. So, my inquiry does not end here.

the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."). Unlike with an action that has been fully dismissed, this Court maintains an "independent basis for federal jurisdiction." *See Peacock*, 516 U.S. at 355.

Second, Mr. Franklin's motion to enforce settlement agreement is factually and logically dependent on the primary lawsuit here. *See Peacock*, 516 U.S. at 355. The claims are so inextricable that Mr. Franklin likely would be required to join his breach of settlement agreement claim against Wexford into this lawsuit. *See* FED. R. CIV. P. 19(a)(1)(A) (requiring joinder of a party when "in that person's absence, the court cannot accord complete relief among existing parties"); *see also* 28 U.S.C. § 1367(a). Mr. Franklin's circumstance is akin to the compulsory counterclaims in *Baker* and *Moore* where the Supreme Court allowed for ancillary jurisdiction "to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent." *See Kokkonen*, 511 U.S. at 379–80 (citing *Baker*, 417 U.S. at 469 n.1 and *Moore*, 270 U.S. at 610). Here, Mr. Franklin asserts that both NMCD and Wexford have deprived him of constitutionally adequate dental care. *See* Doc. 43. As relief, Mr. Franklin requests dental implants. It appears that such relief could not be granted without both NMCD and Wexford as parties in this case. *See* FED. R. CIV. P. 19(a)(1)(A). Mr. Franklin explains that a Wexford attorney told him that Wexford's contract with NMCD "barred them from providing dental implants." Doc. 61 at 1. And based on that information, Mr. Franklin settled with Wexford, satisfied that Wexford agreed not to "impede any transport" to "an oral surgeon," and added NMCD to this lawsuit. *Id.* NMCD, for its part, contends that that Wexford is solely responsible for Mr. Franklin's dental care, and thus, is the only appropriate defendant. *See, e.g.*, Doc. 81 at 2. In other words, Wexford's position is that NMCD is the barrier to relief, and

9

NMCD's position is that Wexford is the barrier to relief. With the defendants pointing fingers at each other, Mr. Franklin's requested relief cannot be accorded without both NMCD and Wexford. *See* FED. R. CIV. P. 19(a)(1)(A). "[E]ven though" Mr. Franklin's motion to enforce settlement agreement "ordinarily would be a matter for a state court," *Baker*, 417 U.S. at 469 n.1, the claim is too factually and logically dependent on Mr. Franklin's primary claims for relief to proceed effectively in two separate lawsuits. *See Peacock*, 516 U.S. at 355.

Third, the Supreme Court's rationale in *Owen Equipment* weighs in favor of ancillary jurisdiction here. *See Owen Equipment*, 437 U.S. at 370–77. In *Owen Equipment*, the Supreme Court found that it lacked ancillary jurisdiction over a claim that lacked "logical dependence" with the original federal claims. *Id.* at 376. "Far from being an ancillary and dependent claim, it was a new and independent one." *Id.* Here, Mr. Franklin's breach-of-settlement-agreement claim is "independent" from the original Eighth Amendment claim against Wexford. *Compare with Kokkonen*, 511 U.S. at 380 ("[T]he facts underlying respondent's dismissed claim for breach of agency agreement and those underlying its claim for breach of settlement agreement have nothing to do with each other."). However, the breach-of-settlement-agreement claim is entirely "dependent" upon his Eighth Amendment claim against NMCD because NMCD asserts that Wexford bears full responsibility for Plaintiff's dental care. In *Owen Equipment*, the Court was partly persuaded that there was not ancillary jurisdiction because Plaintiff "voluntarily chose to bring suit upon a state-law claim in a federal court." *Owen Equipment*, 437 U.S. at 376. Here, the opposite is true. Plaintiff originally filed the case in state court, and Wexford removed it. *See* Doc. 1. Wexford—the party now seeking to deprive the Court of jurisdiction—was the original proponent of this Court's jurisdiction. Finally, the *Owen Equipment* Court's rationale regarding diversity jurisdiction does not apply here because this case was removed based on federal

question jurisdiction. The factors that did not justify diversity jurisdiction in *Owen Equipment*, including the convenience of the litigants and considerations of judicial economy, do weigh in favor of jurisdiction in this case. *Owen Equipment*, 437 U.S. at 377.

Fourth, it is in the interest of judicial economy for this Court to retain ancillary jurisdiction over the breach of settlement agreement claim while the litigation is still pending. Mr. Franklin, a *pro se* litigant, brought this issue to the Court in the form of the instant motion to enforce settlement agreement. However, Mr. Franklin could have easily raised the same issue in a different procedural manner where this Court would certainly still have jurisdiction. For example, Mr. Franklin could have filed a motion to amend his complaint adding a breach of settlement agreement claim against Wexford. *See* FED. R. CIV. P. 15(a)(2). "The court should freely give leave [to amend] when justice so requires." *Id.* Alternatively, Mr. Franklin could have filed a motion to set aside the voluntary dismissal based on misrepresentation, misconduct by an opposing party, or injustice. *See* FED. R. CIV. P. 60(b)(3),(6); *see also Schmier v. McDonald's LLC*, 569 F.3d 1240, 1243 (10th Cir. 2009) ("We know of no reason to deny jurisdiction to a district court to consider granting a dismissing plaintiff relief under Rule 60(b)."). Satisfied that the Court has an independent basis for jurisdiction, I see no reason to elevate form over substance.

For these reasons, in this unique case, I recommend that the Court find that it retains ancillary jurisdiction over Mr. Franklin's settlement agreement with Wexford "while the litigation is pending before it." *See Hardage*, 982 F.2d at 1496.

**III.    Merits of the Motion**

I recommend that the Court deny without prejudice the merits of Plaintiff's Motion to Enforce Settlement Agreement subject to re-filing after the parties participate in a settlement

conference. The parties are currently scheduled for a settlement conference on March 2, 2026. Doc. 84.

Because of the nature of Plaintiff's ultimate requested relief—dental implants—this matter would be better addressed through the parties' coordination than a Court order. The Court is unfamiliar with NMCD's and Wexford's procedures for outside medical treatment for inmates. As such, the Court is ill-suited to facilitate such an effort, which will surely require coordinating multiple parties. The Court's primary consideration is Plaintiff's legal rights, whereas NMCD and Wexford presumably have additional considerations such as security concerns, personnel management, and the coordination and availability of follow-up care. I am reluctant to recommend that the Court interfere in NMCD's and Wexford's everyday affairs without complete information. Wexford's counsel has agreed to attend the settlement conference on March 2, 2026. Doc. 86. The logistics of Mr. Franklin's prospective medical care would be best arranged during these settlement negotiations.

That said, if Plaintiff is legally entitled to a Court order enforcing the settlement agreement, I will recommend that the Court enter such an order. If the parties are unable to resolve this case at the settlement conference, I invite Plaintiff to re-file a motion to enforce settlement agreement against Wexford.

The Court would benefit from Plaintiff re-filing the motion after the settlement conference because the facts surrounding Mr. Franklin's request for dental implants are in flux. For example, in the motion, Mr. Franklin explains that Wexford has refused to request a referral order to an outside oral surgeon. Doc. 61 at 3–8. More recently, Mr. Franklin reported that he was told that a referral was made. Doc. 81. However, Mr. Franklin does not yet have documentation to support that report. *See* Doc. 82 (Order for updated *Martinez* Report due

February 27, 2026). Further, if the parties come to a partial agreement at the settlement conference, that will also inform any prospective relief the Court would consider ordering based on the alleged violation of the settlement agreement. If the parties fully settle, then the motion will be moot.

For these reasons, I recommend the Court deny without prejudice Plaintiff's Motion to Enforce Settlement Agreement with leave to re-file after the anticipated settlement conference.

## IV.     Recommendation

I recommend that the Court GRANT IN PART Plaintiff's Motion to Enforce Settlement Agreement (Doc. 61) finding that it has jurisdiction over the motion. I further recommend that the Court DENY IN PART the merits of the motion without prejudice for Plaintiff to re-file after the parties engage in a settlement conference.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). Written objections must be both timely and specific.** *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, **73 F.3d 1057, 1060 (10th Cir. 1996). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. Failure to file timely and specific objections will result in waiver of** *de novo* **review by a district or appellate court.** *Id.* **In other words, if no objections are filed, no appellate review will be allowed.**

_____
JENNIFER M. ROZZONI
United States Magistrate Judge