UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

BRYCE L. FRANKLIN,

      Plaintiff,

v.                                       2:23-cv-00200-MIS-JMR

WEXFORD HEALTH SOURCES, INC.,
NEW MEXICO CORRECTIONS DEPARTMENT,
ALISHA LUCERO, and JOHN DOES,

      Defendants.

## ORDER DENYING MOTION TO APPOINT COUNSEL

THIS MATTER comes before the Court on the *pro se* Plaintiff Bryce Franklin's Renewed Motion for Appoint of Counsel. Doc. 76. Defendant New Mexico Corrections Department and Secretary Lucero filed a response. Doc. 78. Plaintiff filed a reply. Doc. 80. Plaintiff also filed a Motion to Supplement Plaintiff's December 8th, 2025 Renewed Motion for Appointment of Counsel. Doc. 92. NMCD filed a response to this second motion. Doc. 101. Having reviewed the briefing and the relevant law, the Court hereby DENIES Plaintiff's motion.

Plaintiff argues that the Court should appoint counsel because this case is factually complex, he needs an expert witness to prove the case, he is unable to sufficiently investigate the case himself, and he has attempted, unsuccessfully, to solicit assistance from an attorney himself. Doc. 76 at 1–4. In the operative complaint, Plaintiff alleges that Defendants violated (1) his Eighth Amendment rights, (2) the Americans with Disabilities Act, and (3) the Rehabilitation Act by failing to provide plaintiff with constitutionally adequate dental care, hearing aids, an elbow brace, and deodorant. Doc. 43. Defendants oppose Plaintiff's request arguing that Plaintiff's case is not so complex as to warrant appointment of counsel. Doc. 78.

Section 1915(e)(1) provides: "The court may request an attorney to represent any person

unable to afford counsel."[1] 28 U.S.C. § 1915(e)(1). "The appointment of counsel under this statute is a matter within the discretion of the district court." *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985)."In determining whether to appoint counsel, the district court should consider a variety of factors, including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *McCarthy*, 753 F.2d at 838. "[T]here is no constitutional right to appointed counsel in a civil case." *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989).

Here, the Court will not take the extraordinary step of requesting civil counsel to represent Mr. Franklin.

The first factor—merits of the litigant's claims—weighs in favor of appointment of counsel. *See Williams*, 926 F.2d at 996. With regard to Mr. Franklin's dental care claim, based on the current filings and docket, Mr. Franklin may have been subjected to cruel and unusual punishment under the Eighth Amendment. *Conley v. McKune*, 529 F. App'x 914, 919 (10th Cir. 2013) (citations omitted) ("[T]he Eighth Amendment prohibits 'unnecessary and wanton infliction of pain,' including 'deliberate indifference to serious medical needs of prisoners.' . . . A prisoner's serious medical needs may include dental care."). Because this claim is potentially meritorious, the first factor weighs in favor of appointment of counsel.

---

[1] At least some courts have held that the Court also has an inherent "power to compel attorneys to represent indigent civil rights plaintiffs." *Naranjo v. Thompson*, 809 F.3d 793, 803 (5th Cir. 2015); *Bothwell v. Republic Tobacco Co.*, 912 F. Supp. 1221, 1225 (D. Neb. 1995).

The second factor—nature of the factual issues raised in the claims—weighs neither for nor against appointment of counsel. *See Williams*, 926 F.2d at 996. Mr. Franklin argues that he is unable to sufficiently investigate the facts of this case. Doc. 76 at 3. While the Court sees that, due to his incarceration, Mr. Franklin is at a disadvantage when it comes to investigating his case, the Court has attempted to alleviate this disadvantage by ordering a thorough *Martinez* Report. Doc. 51 (Order to File a *Martinez* Report); Doc. 60 (Order to File More Complete *Martinez* Report); Doc. 82 (Order for Updated *Martinez* Report). Plaintiff is also able to use written discovery instruments to investigate his case. *See* FED. R. CIV. P. 31, 33, 35, 36. As such, the Court finds that the second factor weighs neither for nor against appointment of counsel.

The third factor—the litigant's ability to present his claims—weighs strongly against appointing counsel. *See Williams*, 926 F.2d at 996. Defendants argue, and the Court agrees, that "Plaintiff has a higher degree of sophistication than other[s] in his position." Doc. 78 at 2 (citing *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). In *Hill*, the Tenth Circuit justified denying appointment of counsel, in part, because Mr. Hill's filings "indicate a much higher degree of legal sophistication than is generally found in pro se parties." *Id.* Defendants explain that Plaintiff, "has filed and prosecuted approximately over 31 cases pro se in federal courts . . . and 96 cases pro se in New Mexico state courts." Doc. 78 at 2. While prolific litigation alone does not indicate an ability to present claims, the Court has observed that Mr. Franklin is a particularly effective communicator. Therefore, the third factor weighs strongly against appointment of counsel.

The fourth factor— the complexity of the legal issues raised by the claims—weighs in favor of appointment. *See Williams*, 926 F.2d at 996. Mr. Franklin argues that "[m]edical issues, in itself, make the case complex and warrant appointment of counsel." Doc. 76 at 2 (citing

*Greeno v. Daley*, 414 F.3d 645, 658 (7th Cir. 2005); *Montgomery v. Pintchak*, 294 F.3d 492, 504 (3d Cir. 2002); *Moore v. Mabus*, 976 F.2d 268, 272 (5th Cir. 1992); *Tucker v. Randall*, 948 F.2d 388 (7th Cir. 1991)). While the Court disagrees that medical claims alone warrant appointment of counsel, the nature of Plaintiff's claims do weigh in favor of appointing counsel.

Mr. Franklin argues that his recent "transfer to custody of another state while remaining a New Mexico prisoner, housed at a privately operated prison, would make even a simple case complex because of Jurisdictional issues." Doc. 92 at 2. "Federal jurisdiction is determined based on the facts as they existed at the time the complaint was filed." *Ravenswood Inv. Co., L.P. v. Avalon Corr. Servs.*, 651 F.3d 1219, 1223 (10th Cir. 2011) (citation omitted). As such, the Court does not believe that Plaintiff's recent transfer to an out-of-state facility complicates the case to a degree that appointment of counsel is necessary.

Considering the factors together, the Court will not take the extraordinary step of asking a local attorney to represent Mr. Franklin on a *pro bono* basis.

Notably, the Court lacks the resources to appoint an attorney in every civil case. The Court may only "'request' an attorney to represent" a plaintiff. *Rachel v. Troutt*, 820 F.3d 390, 396 (10th Cir. 2016) (citation omitted). It cannot order an attorney to represent a civil plaintiff. "Each year, the district court receives hundreds of requests for legal representation and only a small number of attorneys are available to accept these requests." *Id.* At one point, this Court implemented a Civil Pro Bono Plan, which imagined the creation of a Civil Pro Bono Panel of attorneys willing to take on such cases. *See* Standing Order, No. 95-189 (D.N.M. Oct. 18, 1995). Currently, there are no attorneys who have volunteered to be members of this panel. In other words, there is not a well of civil attorneys from which this Court can easily request representation for Plaintiff.

Plaintiff's Renewed Motion for Appoint of Counsel (Doc. 76) is DENIED.

_____
JENNIFER M. ROZZONI
United States Magistrate Judge